**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2012

No. 12-50007

Lyle W. Cayce
Clerk

JEFFREY SMITH,

Plaintiff-Appellee

v.

SANTANDER CONSUMER USA, INCORPORATED

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:

In this FCRA case (Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*), the jury found that Santander Consumer USA, Inc. ("Santander"), a consumer finance company, negligently failed to comply with the law by failing promptly to investigate Jeffrey Smith's ("Smith") credit dispute with Santander and to correct the information Santander misreported to a credit agency. The jury awarded Smith $20,437.50 in actual damages. Santander does not challenge the judgment of liability, but instead contends that Smith did not offer legally sufficient evidence of his various claimed items of damage; Smith failed to

No. 12-50007

mitigate his damages; and the district court improperly admitted letters from third parties to Smith.  Finding no reversible error, we affirm.

Most pertinent to Santander are the elements of Smith's damage claim. FCRA allows a plaintiff injured by a negligent reporting violation to prove and recover any actual damages he suffers.  15 U.S.C. § 1681o.  (The jury rejected Smith's claim for additional damages for a willful violation, 15 U.S.C. § 1681n.) Smith asserted, first, that because his credit rating by one agency was reduced from 778 in October 2009 to 652 in late 2009, his available line of credit on several cards was reduced by $37,500, leaving him with "only" $22,000 in available credit for a number of months until the reporting error's effects resolved.  We concur with Santander that the reduction in available credit, by itself, furnishes no basis for actual damages.  A credit line, by itself, has no monetary impact on a consumer who doesn't borrow money.  Thus, whether the credit line is $100,000 or $10,000 may impair the amount he could borrow on a credit line, but unless he takes the actual step of using the credit or showing a need for the higher amount, the consumer is unaffected.  The real damage from an erroneously reduced credit rating, which causes lower available borrowing limits, occurs if the consumer's cost of actual borrowing increases or if he is refused credit altogether.  *See, e.g.*, *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 501-02 (4th Cir. 2007).  To the extent Smith tried to show that the diminution of his credit line alone constituted measurable damage, he is wrong; that abstraction did not injure his pocketbook.  We have found no case authorizing damages on this basis.

Smith did not rest with just the abstract reduction in his credit line, however.  He also testified as to how much the decreased credit line affected his business performance and eligibility for bonuses (because he individually paid costs on behalf of his employer in order to expedite projects).  He refinanced his home mortgage during this period and suffered an increased interest rate

2

No. 12-50007

because of his erroneous credit rating. He deferred personal expenditures, which he itemized for the jury, as a cautionary measure until his rating was restored. And he suffered compensable mental pain and anguish, embarrassment, and difficult professional and family relations. *Cousin v. Trans Union Corp.*, 246 F.3d 359 (5th Cir. 2001) is not controlling here, because in the absence of a special verdict, the amount of any recovery for Smith's non-economic damages, and therefore its sustainability, is purely speculative. Santander challenged all of these damage contentions at trial. The jury verdict, which is general and un-itemized, reflects considerably less than Smith sought. Because the evidence is sufficient for "reasonable and fair-minded men in the exercise of impartial judgment" to support the ultimate award, whether or not this court would have reached the same result, the *Boeing* standard requires this court to affirm the jury verdict.[1]

As with damages, the issue of mitigation was thoroughly vetted before the jury. It is possible that the jury, in declining to award the full amount of Smith's claimed damages, adjusted for his alleged failure to mitigate his damages, *e.g.*, by delaying the mortgage refinance until interest rates declined. We may not speculate on the makeup of the general verdict. This issue cannot be resolved as a matter of law in favor of Santander.

Finally, the court's admission of letters from Bank of America, Sears and Trans Union that purported to reflect the impact of the erroneous credit score on Smith's lines of credit and Smith's dispute with Trans Union (the credit reporting agency) was harmless error, if error at all, whether viewed for their relevance to Santander's liability (which the company does not dispute) or compensable damages.

---

[1] *Boeing Co. v Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled in part on other grounds*, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc).

No. 12-50007

For these reasons, Santander's challenges to the verdict lack merit.  The judgment is **AFFIRMED.**