# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2013

No. 12-31080
Summary Calendar

Lyle W. Cayce
Clerk

EMILY WAGNER,

Plaintiff-Appellant

v.

BELLSOUTH TELECOMMUNICATIONS, INCORPORATED; FRANKLIN
COLLECTION SERVICE, INCORPORATED; EQUIFAX CREDIT
INFORMATION SERVICES, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-604

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's summary judgment for Appellees regarding a billing dispute between Appellant Emily Wagner and Appellee BellSouth Telecommunications, Inc. Wagner alleged that BellSouth billed her for two unauthorized phone services. She did not pay these bills, and BellSouth referred the two unpaid accounts to collection agencies, including Appellee

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31080

Franklin Collection Service, who attempted to collect on the debt. Franklin reported the two accounts to Appellee Equifax Credit Information Services, Inc., who reported the accounts as adverse notations. Wagner filed suit on August 21, 2007 against Appellees, claiming *inter alia* that BellSouth violated the Louisiana Unfair Trade Practices Act (LUTPA) for its alleged reassignment of unauthorized accounts to collection agencies, that Franklin violated § 1692e(8) of the Fair Debt Collection Practices Act (FDCPA) for supplying an incorrect date of first delinquency to Equifax on the second of the unauthorized accounts, and that Equifax violated § 1681i of the Fair Credit Reporting Act (FCRA) for failing to use reasonable procedures to ensure maximum possible accuracy in her credit file. The district court granted Appellees' separate motions for summary judgment. We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012). For the reasons that follow, we AFFIRM.

First, the district court ruled that Wagner's claim against BellSouth was prescribed under the LUTPA's statute of limitations. The LUTPA requires that a claim be brought within "one year . . . from the time of the transaction or act which gave rise to this right of action." La. Rev. Stat. § 51:1409(E). The district court concluded that the LUTPA claim against BellSouth was prescribed because Wagner did not allege any specific improper acts of BellSouth that occurred after August 21, 2006, which was one year before the filing of her complaint. The record shows that the last undisputed act by BellSouth was in June 2005 when the company stopped sending bills to Wagner for her two unpaid accounts. This is well before the limitations period. Wagner asserts that BellSouth violated the LUTPA as late as September 16, 2006, when BellSouth allegedly transferred Wagner's unauthorized accounts from one collection agency to another. However, the evidence Wagner has provided for this assertion consists of a copy

2

No. 12-31080

of indecipherable notes apparently produced by BellSouth.[1] This evidence is not competent to prove that BellSouth violated the LUTPA at any point after July 2005.[2] Accordingly, Wagner's LUTPA claim against BellSouth has prescribed.

Second, the district court ruled that Wagner's claim against Franklin had prescribed under the FDCPA's statute of limitations. The FDCPA requires that a claim be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Franklin has provided evidence that the date of its alleged violation was June 26, 2006, when the agency reported the second of Wagner's unauthorized BellSouth accounts to credit bureaus. Wagner has provided no allegations or evidence to dispute this date. Instead, Wagner argues that under the discovery rule, the limitations period should not begin to run until September 16, 2006, because that is when she learned that Franklin was reporting the second of her BellSouth accounts with an erroneous date of first delinquency.[3] We agree with the district court that the discovery rule does not apply here. As the district court noted, the record shows that well before the

---

[1] This copy is included as Wagner's original Exhibit 10, the relevant part of which consists of two lines that read: "0916 CAI REFERRED TO OCA T3   AMOUNT   $80" and "0916 CADW ACCOUNT WITHDRAWN FROM OCA 59." Like the district court, we cannot decipher this evidence without more. At the least, even if Exhibit 10 demonstrates that a transfer was made on one of the two unauthorized accounts—one of which was indeed in the amount of $80—, Exhibit 10 does not demonstrate that it was *BellSouth* who was responsible for that transfer.

[2] Wagner also raises the continuing violation doctrine, alleging that BellSouth continued to engage collection agencies to collect on her unauthorized accounts as late as September 16, 2006. As already discussed, Wagner has not satisfied her burden of proving with competent evidence that BellSouth violated the LUTPA after June 2005. Without competent evidence, she cannot prove that there was a *continuing* LUTPA violation either. *See CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, 888 F. Supp. 2d 780, 791 (E.D. La. 2012) ("'When a plaintiff attempts to avail herself of the continuing tort theory, the plaintiff bears the burden of establishing its applicability.'") (citation omitted).

[3] Wagner relies on an Equifax credit report dated September 16, 2006. This evidence is different from the evidence discussed above with respect to Wagner's claim against BellSouth.

limitations period, Wagner had seen Franklin repeatedly listed in adverse notations on her credit reports, she had received two collection notices from Franklin following a dispute letter she sent to the agency, and by her own allegations she was harassed and intimidated by numerous bill collectors.[4] This evidence shows that at the very least Wagner had constructive knowledge that Franklin was in violation of the FDCPA. *See Martinez Mgmt., Inc. v. Caston*, 39,500 (La. App. 2 Cir. 4/13/05), 900 So. 2d 301, 305 ("An injured party has constructive notice of his condition when he possesses information sufficient to incite curiosity, excite attention or put a reasonable person on guard to call for inquiry."); La. Civ. Code arts. 3492, 3493. Therefore, Wagner's FDCPA claim against Franklin has prescribed.

Finally, the district court awarded summary judgment to Equifax on the ground that Wagner failed to establish actual damages that were proximately caused by Equifax. *See Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) ("Without a causal relation between the violation of the [FCRA] and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages[.]'") On appeal, Wagner presses two damages claims, namely the reduction of her credit line with a creditor and her emotional distress. Beginning with the former, we recently held that a credit line reduction by itself cannot constitute actual damages for the purposes of an FCRA claim. *Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 317 (5th Cir. 2012). Wagner has made no allegations and provided no evidence of damages she suffered from the credit line reduction, and thus under *Smith* she has no viable economic damages claim. As for her emotional distress, an FCRA plaintiff seeking emotional

---

[4] For example, the record includes an Equifax credit report for Wagner dated as early as January 19, 2006, which lists Franklin as a collection agency for the first of Wagner's unauthorized BellSouth accounts. The record also includes a collection letter dated March 22, 2006 from Franklin to Wagner that referenced both BellSouth accounts.

No. 12-31080

distress damages is required to present "evidence of genuine injury, such as the evidence of the injured party's conduct and the observations of others," and to demonstrate "a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001) (internal quotation marks and citation omitted). Wagner has presented no evidence of injury beyond her own conclusory assertions about emotional distress, which are insufficient to support an emotional damages award.[5] *See id.* (holding that FCRA plaintiff's assertions that he was "[v]ery upset," "angry," and "felt . . . like being trapped" were insufficient for emotional damages award). For these reasons, Wagner cannot prevail on her FCRA claim against Equifax.

AFFIRMED.

---

[5] In particular, Wagner alleged that she lost sleep, was humiliated, and felt "bad," "guilty," and "helpless." She has also alleged that she suffered headaches, but stated, "I would have trouble blaming the headaches on this [incident]."