# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2015

Lyle W. Cayce
Clerk

No. 14-10771

JULIANA JETT,

Plaintiff–Appellant,

versus

AMERICAN HOME MORTGAGE SERVICING, INCORPORATED,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-2136

ON PETITION FOR PANEL REHEARING

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:

The petition for panel rehearing is DENIED. To address matters raised in the petition, the opinion is revised to read as follows:

No. 14-10771

Before SMITH, PRADO, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

Juliana Jett sued American Home Mortgage Servicing, Incorporated ("American Home"), for allegedly negligently and willfully failing to update her credit information in violation of 15 U.S.C. § 1681s-2(b).  The district court entered summary judgment for American Home on both claims.  Because there is a genuine dispute of material fact as to negligence, we vacate as to that claim but affirm on the willfulness claim.

I.

Jett fell behind on her mortgage payments and filed for bankruptcy. After she completed her Chapter 13 plan, her Experian Information Solutions, Incorporated ("Experian"), credit report erroneously showed the mortgage as discharged in bankruptcy with a $0 balance.  She disputed the listing, and Experian sent an automatic credit dispute verification ("ACDV") form to American Home.[1]  Although American Home attempted to report the loan as current with $0 past due and a principal balance of approximately $35,000, Jett's credit report was not updated despite that four ACDV forms were exchanged over two-and-one-half years.

Jett alleges that she was denied refinancing because American Home had negligently and willfully misreported the status of the mortgage. Specifically, she maintains that it failed to update the Metro 2® Consumer

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] When a credit reporting agency ("CRA") receives a dispute from a consumer, it sends an ACDV form to the furnisher of the credit information.  The form contains the information that is being reported, what the consumer disputes, and blank fields for the furnisher to edit and return.

No. 14-10771

Information Indicator ("CII") field properly in the ACDV forms. Instead of changing the CII code to "Q" as instructed by the Consumer Data Industry Association's 2012 Credit Reporting Guide, American Home left the field blank. A blank CII field signals that the CRA should keep reporting the original information, so none of the corrected information was processed by Experian.

The district court entered summary judgment on the negligence claim because "Jett ha[d] failed to adduce any evidence concerning [American Home's] policies and procedures in responding to [the ACDV] requests" and her "evidence that [American Home] knew about [Experian's] policies and procedures [was] insufficient to show that [American Home] had a duty to conform to them." The court entered summary judgment on the willfulness claim because Jett did not respond to that portion of the motion for summary judgment.

## II.

If a CRA notifies a furnisher of credit information (a "furnisher") that a consumer disputes the reported information, the furnisher must "review all relevant information provided by the [CRA]," "conduct an investigation," "report the results of the investigation," and "modify . . . delete . . . or . . . permanently block the reporting of [inaccurate or incomplete] information." § 1681s-2(b)(1)(A)–(E). The Fair Credit Reporting Act creates a private cause of action to enforce § 1681s-2(b): "Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable" for actual damages and attorney's fees.[2] Moreover,

---

[2] *See Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 317 (5th Cir. 2012) (per curiam); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002).

No. 14-10771

"[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for actual, statutory, and punitive damages and attorney's fees.  § 1681n(a).

Relying on *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38–41 (1st Cir. 2010), American Home urges that summary judgment was proper because Jett failed to show that its policies and procedures were unreasonable.  In *Chiang*, summary judgment was affirmed because, *inter alia*, the plaintiff "ha[d] presented no evidence that the procedures employed by [the furnisher] to investigate the reported disputes were unreasonable." *Id.* at 38.[3]  But unlike the furnisher in *Chiang*, American Home knew that Jett's information was being reported inaccurately and attempted to correct it.  Regardless of the policies and procedures used to investigate the dispute, the plain language of § 1681s-2(b)(1)(C) and § 1681*o* makes clear that a furnisher is liable if it negligently reports the results of its investigation to the CRA.[4]

There is a genuine issue of material fact as to whether American Home negligently failed to comply with the reporting requirements.  The first ACDV form told it to "[p]rovide complete ID and verify account information" and stated that Jett claimed the mortgage was current and should not be shown as foreclosed.  The second form showed that the mortgage was still being reported inaccurately and instructed American Home to "[p]rovide complete ID and verify account information."  The third form directed American Home to

---

[3] The court also noted that the plaintiff had "failed to show any actual inaccuracies that [the furnisher] could have found through a reasonable investigation." *Chiang*, 595 F.3d at 38.

[4] Nothing in 12 C.F.R. § 1022.42 alters our understanding of § 1681s-2(b)(1)(C)–(E). Although "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information . . . that it furnishes to a [CRA]," § 1022.42, it is also required to "provide to the [CRA] any correction . . . that is necessary to make the information provided by the furnisher accurate," § 1022.43(e)(4).

No. 14-10771

"[v]erify all amounts" and contained the annotation "Remove" in the CII field in the "Consumer Claims" column. In each instance, American Home tried to correct the information but returned a blank CII field so Experian did not process the updates.[5] Because there is a genuine dispute of material fact as to American Home's negligence, summary judgment is not appropriate.[6]

## III.

For American Home willfully to have violated § 1681s-2(b), it must have recklessly disregarded a statutory duty. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–60 (2007). Recklessness is "generally understood [ ] in the sphere of civil liability as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Jett does not point to any evidence of willfulness; rather, she claims that American Home's motion for summary judgment "did not make any mention of an absence of evidence regarding the issue of willfulness." But American Home stated that "there are no genuine issues of material fact, and the summary judgment evidence establishes that [American Home] . . . did not *willfully* or negligently violate any provision of 15 U.S.C [§] 1681s-2(b)" (emphasis added). Further, Jett's factual allegations would not support a finding that American Home acted willfully.

The judgment is VACATED as to the negligence claim, AFFIRMED as to the willfulness claim, and REMANDED for further proceedings as needed.

---

[5] The fourth form was sent after Jett's refinancing application was denied.

[6] American Home avers that it was not negligent because the ACDV instructions did not provide notice that it needed to enter a new code and another CRA was able to report the status of the mortgage correctly. Those are issues to be resolved at trial. *See Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001) ("The adequacy of [a CRA's] procedures is judged according to what a reasonably prudent person would do under the circumstances. In the majority of cases, reasonableness is a question for the jury." (citation omitted)).