# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

KAREN BACHARACH,

> Plaintiff - Appellant

v.

SUNTRUST MORTGAGE, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Karen Bacharach appeals the district court's grant of summary judgment in favor of SunTrust Mortgage, Inc. on her claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. For the reasons detailed below, we AFFIRM the district court on all grounds.

## I. Background

In 2005, Bacharach opened two mortgage loans with SunTrust. The present action arises out of Bacharach's allegations that SunTrust erroneously reported various delinquencies on those loans to three consumer reporting agencies (CRAs)—Equifax, Experian, and TransUnion—between March 2012 and June 2013. During that period, Bacharach spent considerable time communicating with SunTrust and the CRAs to remove the allegedly

No. 15-31009

erroneous information from her credit reports. While the parties dispute the accuracy of the delinquencies, there is no dispute that SunTrust eventually removed all negative reports for both loans.

Bacharach contends that, due to the allegedly erroneous reports, she suffered actual damages primarily because her poor credit prevented her from securing financing to acquire certain property and obtaining a loan to repair her residence. In addition, Bacharach alleges that she suffered emotional distress as a result of her frustrations in dealing with SunTrust and the negative consequences of the purportedly inaccurate reports.

Bacharach filed suit in state court, and SunTrust removed the case to federal court. She then filed an amended complaint, alleging various causes of action under both federal and state law; only the disposition of the FCRA claims is challenged on appeal. After various skirmishes and delays by Bacharach, the district court ultimately granted summary judgment in favor of SunTrust, and Bacharach timely appealed.

## II. Standard of Review

We review the district court's summary judgment ruling de novo, applying the same legal standard as the district court. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Bacharach, as plaintiff, would have the burden of proof at trial and, therefore, in response to SunTrust's motion alleging no evidence to support her claim, Bacharach must point to evidence that would raise a genuine factual dispute as to a material element of her claim. *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2007) ("Where the non-moving party fails to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist." (citation omitted)).

## III. Discussion

### A. *Bacharach's failed purchase of property at 2841 Magazine Street*

Bacharach argues that due to SunTrust's alleged FCRA violations that resulted in the reporting of misinformation to various credit agencies, she was unable to purchase property at 2841 Magazine Street that abuts her personal residence. The FCRA was implemented "to protect an individual from inaccurate or arbitrary information about himself in a consumer report." *Pinner v. Schmidt*, 805 F.2d 1258, 1261 (5th Cir. 1986). "Numerous courts have concluded that the FCRA does not cover reports used or expected to be used only in connection with commercial business transactions."[1] *Hall v. Phenix Investigations, Inc.*, No. 15-10533, 2016 WL 1238602, at *3 (5th Cir. Mar. 29, 2016) (unpublished) (collecting cases); *see also Ippolito v. WNS, Inc.*, 864 F.2d 440, 452 (7th Cir. 1988) ("In enacting the FCRA, Congress sought to regulate the dissemination of information used for consumer purposes, not business purposes."); *Matthews v. Worthen Bank & Tr. Co.*, 741 F.2d 217, 219 (8th Cir. 1984) (noting that the "[FCRA] was intended to apply only to reports which relate to the consumer's eligibility for personal credit or other commercial benefits as a consumer, and not to the consumer's business transactions" (citation omitted)). Moreover, courts have specifically held that real estate investment losses due to allegedly inaccurate credit information are not within the scope of the FCRA. *See Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1036 (S.D.N.Y. 1996), *aff'd*, 112 F.3d 98 (2d Cir. 1997).

---

[1] Although the information collected by the CRAs could have been used for both consumer and commercial purposes, the specific reporting at issue in this transaction was provided for commercial purposes.

No. 15-31009

Bacharach's failed purchase of property at 2841 Magazine Street was an attempted commercial transaction and is therefore not within the scope of the FCRA.  Bacharach, who testified that she was a real estate investor in the business of "buying and flipping or buying and fixing up real estate," also stated that she intended to purchase the property to "rent it out and get the rental income."  Indeed, Bacharach seeks as damages the lost rental income she could have earned had she successfully purchased the property.  The district court did not err in categorizing these real estate investment losses as a related to a failed "commercial business transaction[ ]" that falls outside the scope of the FCRA.  *See Hall*, 2016 WL 1238602 at *3.

*B. The denial of a loan for personal residence repairs*

Bacharach further argues that SunTrust's alleged FCRA violations resulted in the denial of an emergency loan for repairs on her personal residence sustained after Hurricane Isaac.  For Bacharach to prevail on this claim, she must present evidence sufficient to raise a material fact question on the issue of whether the denial of home repair loans was proximately caused by SunTrust's alleged misreporting of Bacharach's payment history.  *See Wagner v. BellSouth Telecomm. Inc.*, 520 F. App'x 295, 298 (5th Cir. 2013); *see also Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Matise v. Trans Union Corp.*, No. 3:96-CV-3353-D, 1998 WL 872511, at *7 (N.D. Tex. 1998).  Bacharach points to no evidence that the denial of home loan repairs was actually caused by SunTrust's conduct.  In fact, Bacharach's partial credit reports reveal that four different financial institutions aside from SunTrust reported receiving late payments from Bacharach.  Thus, Bacharach has failed to raise a fact issue on an essential element of her claim (causation of damages).

4

No. 15-31009

*C. Emotional distress*

Bacharach also contends that she is entitled to emotional distress damages resulting from the stress and anxiety of "fighting SunTrust." Even if we were to assume arguendo that Bacharach has pleaded sufficient facts to support liability under the FCRA as a predicate to emotional distress damages, she fails to create a material fact issue with respect to the existence of such damages. The FCRA permits "recovery for humiliation and mental distress and for injury to one's reputation and creditworthiness." *Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 753 (5th Cir. 2002). However, a claim related to emotional distress requires a "degree of specificity" and "must be supported by evidence of genuine injury," such as "the observations of others," "corroborating testimony," or "medical or psychological evidence." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001); *see also Vadie v. Miss. State Univ.*, 218 F.3d 365, 376 (5th Cir. 2000) (noting that to prove emotional distress, a plaintiff must show a "specific discernable injury to the [plaintiff's] emotional state, proven with evidence regarding the nature and extent of the harm" (citation omitted)).

We have previously held that a plaintiff's testimony that he or she was "upset," "hurt," "angry," "paranoid," or "frustrated" was insufficient to support an award of actual damages for emotional distress. *Cousin*, 246 F.3d at 371. Here, the only evidence of emotional distress that Bacharach points to is her own vague and conclusory deposition testimony, where she stated that she was a "complete wreck," and that, while unable to "recall exactly," she had seen a number of medical professionals due to her "anxiety and stress." This uncorroborated testimony lacks specificity and fails to show the nature and extent of the actual emotional harm; it does not satisfy the standards set in our precedents. As such, this testimony does not raise a material fact issue

sufficient to overcome summary judgment as to the claim of emotional distress. *Id.* (vacating jury award for emotional distress in a FCRA case).

AFFIRMED.