# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30592
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2018

Lyle W. Cayce
Clerk

JAMES CAMERON,

      Plaintiff

v.

GREATER NEW ORLEANS FEDERAL CREDIT UNION,

      Defendant

---------------------------------------------------------------------------

JAMES CAMERON,

      Plaintiff - Appellant

v.

EXPERIAN INFORMATION SOLUTIONS, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-8514

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

No. 17-30592

PER CURIAM:*

James Cameron appeals the district court's grant of Experian's motion for summary judgment and rejecting his claims brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. For the following reasons, we AFFIRM.

## I. BACKGROUND

In February 2006, Cameron purchased a vehicle using a $21,594.02 loan from Greater New Orleans Federal Credit Union ("GNO"). In December 2008, after several missed or late payments, Cameron's account with GNO became delinquent and did not return to current status. GNO charged off the remaining $14,284 balance and reported it to Experian in 2009. Between June 2013 and October 2015, Cameron requested that GNO and Experian remove the allegedly erroneous delinquency from his credit report. Although Experian first refused to remove the information after GNO verified its accuracy, it purged the GNO credit line from Cameron's credit report in October 2015.

Cameron contends that as a result of Experian's erroneous report, he suffered actual damages because his poor credit prevented him from securing financing and subjected him to higher interest rates, causing humiliation and emotional distress. Subsequently, Cameron brought this action against Experian and GNO in the Western District of Oklahoma. After that court dismissed GNO for lack of personal jurisdiction, Cameron refiled in the Eastern District of Louisiana, and the case against Experian was transferred and consolidated with the GNO action.  After filing a motion for summary judgment on all claims against it but before the district court could rule on the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30592

motion, GNO reached a settlement with Cameron. After the close of discovery,[1] Experian also filed a motion for summary judgment asserting that Cameron provided no evidence to support the necessary elements of his claim and he had sustained no compensable damages. The district court agreed with Experian and dismissed Cameron's claims. Cameron timely filed this appeal.

## II. STANDARD OF REVIEW

"We review the district court's summary judgment ruling *de novo*, applying the same legal standard as the district court." *Bacharach v. Suntrust Mortg.,* 827 F.3d 432, 434 (5th Cir. 2016) (per curiam). Summary judgment is appropriate where the moving party establishes "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the plaintiff, Cameron bears the burden of proof at trial. In response to Experian's motion for summary judgment, Cameron must present evidence that raises a genuine issue of material fact. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2007). Notwithstanding this burden, the court views the facts in the light most favorable to the nonmovant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## III. DISCUSSION

Cameron's argument is that Experian reported erroneous information on his credit report and delayed removing the information upon being notified of its error. We need not decide whether Experian's practices constituted a violation of the FCRA because even assuming, arguendo, that Experian reported erroneous information, Cameron fails to raise a genuine issue of material fact that demonstrates that Experian acted willfully or that he was actually damaged by these actions. *See Nichols*, 495 F.3d at 188.

---

[1] Cameron failed to: (1) respond to interrogatories and requests for production before the close of discover; (2) answer or object to requests for admissions within thirty days; or (3) move the court for an extension of time or to withdraw his deemed admissions.

No. 17-30592

A. Willful Noncompliance

The FCRA provides for civil liability in 15 U.S.C. §§ 1681n and 1681o. Whether the violation was willful or negligent dictates the type of damages awarded. If a violation is willful, the defendant is subject to punitive damages. 15 U.S.C. § 1681n. However, if a plaintiff fails to show that the violations are willful, a defendant will only be held liable for the plaintiff's actual damages. *See* 15 U.S.C. § 1681o. If a plaintiff fails to demonstrate willfulness and actual damages, the claim must fail. According to section 1681n, a defendant commits a willful violation and is subject to punitive damages only if it engages in "willful misrepresentations or concealments." 15 U.S.C. § 1681n(a)(2); *see also Stevenson v. TRW, Inc.,* 987 F.2d 288, 294 (5th Cir. 1993) (quoting *Pinner v. Schmidt,* 805 F.2d 1258, 1263 (5th Cir. 1986)). Noncompliance is considered willful when the defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others." *Pinner,* 805 F.2d at 1263. A failure to adequately investigate and swiftly correct inaccurate information generally does not constitute a willful violation. *See id.* at 1262–63.

Cameron provides no evidence of willful noncompliance. He recites case law addressing section 1681n and concludes that Experian's actions sufficed. Cameron never points to which of Experian's actions constituted willful noncompliance, nor does he analyze how Experian knowingly and intentionally committed these actions. Cameron generally alleges that Experian maintained insufficient procedures that facilitated the reporting of inaccurate information and delayed the process of correcting that information. However, he provides no evidence that these activities were done knowingly and intentionally. Therefore, the district court did not err in dismissing Cameron's section 1681n claims.

No. 17-30592

B. Actual Damage

Having failed to show Experian willfully misreported Cameron's credit information, in order to prevail on a section 1681o claim, Cameron must demonstrate that Experian's actions caused him actual damages. 15 U.S.C. § 1681o. Cameron alleges that as a result of Experian reporting inaccurate information and failing to correct it after multiple requests, financial institutions denied him credit or offered credit at much higher interest rates, which caused him humiliation and financial and emotional distress.

a. Credit Denial

Section 1681o provides for recovery if the defendant's erroneous credit report resulted in the plaintiff's credit denial or higher interest rates. To prevail, plaintiff must present some evidence that the potential creditor's decision was affected by the defendant's FCRA violations. *See Bacharach,* 827 F.3d at 435.

Cameron alleges that he was denied credit and received higher interest rates as a result of Experian's negligence. The district court found that Cameron failed to present evidence that his credit denial was a result of Experian's actions because the documents Cameron provided indicated that potential creditors relied on Equifax credit reports, not Experian.

However, on appeal, Cameron presented evidence that he was denied a home loan by First United Bank and Trust Company depending on credit information from Experian, Equifax, and TransUnion. We generally do not consider arguments first raised on appeal. *See New Orleans Depot Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 387 (5th Cir. 2013) (en banc) (citing *Lampton v. Diaz*, 639 F.3d 223, 227 n.14 (5th Cir. 2011)). But when the assertion "fairly appears in the record as having been raised," waiver does not apply. *Lampton*, 639 F.3d at 227 n.14 (quoting 19 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 205.05[1], at 205–57 (3d ed. 2011)).

5

No. 17-30592

Here, the document upon which Cameron relies was presented as an attachment supporting his opposition to Experian's summary judgment motion, and his general assertions that he was denied loans as a result of Experian's misreporting are likely sufficient to preserve the argument. Nevertheless, although Cameron argues that the document shows that First United denied Cameron a loan, it only shows that Experian, Equifax, and TransUnion were the sources of the credit information First United obtained. Cameron presented no information regarding First United's loan decision. The record does not show that this loan was approved or denied. So although on appeal Cameron was able to point to a document already in the record that showed that a creditor at least partially relied on information from Experian, he provided no evidence that the reliance resulted in a credit denial. Therefore, the district court did not err in finding that Cameron failed to establish that any alleged negligence resulted in him being denied credit or receiving a higher interest rate.

### b. Emotional Distress

"The FCRA permits 'recovery for humiliation and mental distress and for injury to one's reputation and creditworthiness.'" *Bacharach*, 827 F.3d at 435–36 (quoting *Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 753 (5th Cir. 2002)). However, to recover for such emotional distress, one must do more than make bare assertions. *See id.* It is not enough that one's pleadings allege emotional distress. *See id.* To survive a motion for summary judgment, the plaintiff must present some specific evidence of emotional distress. *See id.* A plaintiff must provide actual "evidence of a genuine injury," which may include, "the observations of others, "corroborating testimony," or "medical or psychological evidence." *Id.* at 436 (quoting *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001)).

We have previously held that a plaintiff's testimony supporting their

own emotional state was insufficient to support an award for emotional distress. *See Cousin*, 246 F.3d at 370–71. Here, Cameron fails to even provide such testimony. The record is void of an affidavit, deposition testimony, corroborating testimony, or a doctor's note supporting Cameron's allegations of emotional distress. Because Cameron also fails to raise a genuine dispute of material fact concerning his emotional state sufficient to overcome summary judgment as to the claim of emotional distress, the district court did not err in dismissing his section 1681o claims.

## IV. CONCLUSION

For the aforementioned reasons, the district court's judgment granting Defendants-Appellees motion for summary judgment is AFFIRMED.