# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2018

Lyle W. Cayce
Clerk

ARIC W. HALL,

Plaintiff-Appellant

v.

LVNV FUNDING, L.L.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-36

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Aric W. Hall appeals the summary judgment dismissal of his claims against LVNV Funding, L.L.C. (LVNV), alleging willful violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. In his complaint, as amended, Hall sought to hold LVNV liable for violating its duties, as a furnisher of information, to investigate and verify the accuracy of disputed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41023

credit information and to modify or delete any information found to be inaccurate, incomplete, or unverifiable.  *See* 15 U.S.C. § 1681s-2(b)(1).

We review the summary judgment de novo, *see Hernandez v. Yellow Transp. Inc.*, 670 F.3d 644, 650 (5th Cir. 2012), viewing the evidence in the light most favorable to Hall and will affirm "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P 56(a); *see Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013).

The FCRA imposes a duty on "furnishers of information," such as LVNV, to provide accurate information to the credit reporting agencies (CRAs). § 1681s-2(a).   If a CRA notifies a furnisher of credit information that a consumer disputes the reported information, the furnisher must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the [CRA]," "report the results of the investigation to the [CRA]," and "modify . . . delete . . . or . . . permanently block the reporting of [any disputed item of information that is found to be inaccurate, incomplete, or unable to be verified]."  § 1681s-2(b)(1)(A)-(E).  The FCRA creates a private cause of action to enforce § 1681s-2(b): "Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable" for actual damages, court costs, and attorney's fees. 15 U.S.C. § 1681o(a); *see Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 317 (5th Cir. 2012).  Moreover, "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for actual or statutory damages, and punitive damages as well as attorney's fees.  15 U.S.C. § 1681n(a).

There are no genuine issues of material fact as to whether LVNV negligently or willfully failed to comply with the reporting requirements.  As

reflected in the affidavit of LVNV's representative, the CRAs notified LVNV of Hall's dispute with the accuracy of the information reported by LVNV. Upon receipt of that notice, LVNV investigated the dispute and reviewed its own business records, as well as the information provided by the CRAs; a timely verification that the entry on Hall's credit report was accurate was then reported to the CRAs on behalf of LVNV. Such acts complied with the FCRA's requirements for responding to a dispute concerning credit information. *See* § 1681s-2(b)(1). Hall cites no authority to support his position to the contrary that the FCRA imposes a legal duty on furnishers of information to provide documentary support for the debt when investigating and verifying the disputed information, and no such obligation may be gleaned from the statutory language. *See* § 1681s-2(b)(1). Further, the record—including the Bill of Sale through which LVNV purchased the credit account—does not reflect any inaccuracy in the information furnished by LVNV and disputed by Hall. At most, Hall's proffered "evidence" demonstrated that LVNV was aware he disputed the past-due account. However, § 1681s-2(b)(1) does not mandate that the information be deleted from his credit reports on account of his dispute.

In light of the competent evidence, the district court did not err in granting summary judgment in favor of LVNV on Hall's claims under the FCRA. *See Haverda*, 723 F.3d at 591. Accordingly, the judgment of the district court is AFFIRMED.