*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN A. THORPE,

Plaintiff-Appellant,

v

EASTERN MICHIGAN BANK,

Defendant-Appellee.

UNPUBLISHED
December 09, 2025
11:46 AM

No. 373521
St. Clair Circuit Court
LC No. 24-001719-CB

Before: RIORDAN, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Plaintiff, Nathan A. Thorpe, appeals by right the trial court's order granting summary disposition in favor of defendant, Eastern Michigan Bank (EMB), under MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted). Because Thorpe's claim under the Fair Credit Reporting Act, 15 USC 1681 *et seq.* (FCRA), was time-barred, and the FCRA is inapplicable to this case, we affirm.

In August 2021, Thorpe sought a commercial loan from EMB to purchase a drive-in movie theater. When EMB "pulled" Thorpe's credit report, his credit score was reported as low. As such, EMB required a cosigner for the loan. This upset Thorpe, who maintained that he did not authorize EMB to request his credit report at the time that EMB did so. Ultimately, Thorpe secured a loan from another lender. Approximately three years later, Thorpe filed a complaint alleging that EMB violated the FCRA. He also alleged breach of contract, negligent misrepresentation, and promissory estoppel. EMB moved for summary disposition under MCR 2.116(C)(8), which the trial court granted.

Thorpe argues that the trial court erred by granting EMB's motion for summary disposition because EMB violated the FCRA. We review de novo the trial court's decision on a motion for summary disposition. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint based on the pleadings alone. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). The trial court must accept as true all factual allegations in the complaint. *Bailey*, 494 Mich at 603. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that

-1-

no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

Although not raised by the parties, we note that Thorpe's FCRA claim was time-barred. Under 15 USC 1681p, the limitations provision applicable to FCRA claims, Thorpe was required to file his claim "not later than the earlier of—"

> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

According to Thorpe's complaint, he discovered the purported violation in August or September 2021, but he failed to file his complaint until August 15, 2024, more than two years later. Therefore, his FCRA claim was time-barred under 15 USC 1681p.

In any event, even if Thorpe had timely filed his claim, we agree with EMB that the FCRA is inapplicable in this case. The FCRA "regulates the consumer reporting agencies that compile and disseminate personal information about consumers." *TransUnion LLC v Ramirez*, 594 US 413, 418; 141 S Ct 2190; 210 L Ed 2d 568 (2021). Relevant to this case, a consumer report is a report used to establish credit eligibility "primarily for personal, family, or household purposes." 15 USC 1681a(d)(1)(A). "[T]he FCRA does not cover reports used or expected to be used only in connection with commercial business transactions." *Bacharach v Suntrust Mortgage, Inc*, 827 F3d 432, 434-435 (CA 5, 2016) (quotation marks and citation omitted). "[A]n attempted commercial transaction . . . is therefore not within the scope of the FCRA." *Id*. at 435.

Thorpe alleged that he sought the loan from EMB to purchase a drive-in theater. He also alleged that EMB required him to submit a "full business plan and in-depth financial statements" and that EMB assured him that his loan was approved after it reviewed those documents. Further, Thorpe alleged that he used a commercial realtor for the transaction, he lost revenue as a result of the delay in purchasing the property, team members left the project because of the delay, and his reputation in the industry suffered. Although Thorpe argues that there exists a "mixed-purpose" exception to the FCRA's inapplicability to commercial transactions, his complaint fails to allege that his purchase of the drive-in theater was for any reason other than commercial purposes. Accordingly, the trial court properly dismissed Thorpe's FCRA claim under MCR 2.116(C)(8).

Thorpe's arguments on appeal are limited to his FCRA claim, and he does not challenge the trial court's dismissal of his other claims. Further, considering our determination that Thorpe's FCRA claim was time-barred and the FCRA is inapplicable in any event, we need not consider his remaining arguments on appeal.

Affirmed. EMB, being the prevailing party, may tax costs. MCR 7.219.

/s/ Michael J. Riordan
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani